APRIL 24, 1802.

# Walker Baylor v. Nathaniel Hart.

*Upon a writ of error made a supersedeas to reverse a decree of the Lexington District Court.*

Where the decree is not final no appeal lies from it to this court.

Baylor *v.* Hart.

The defendant moved to discharge the supersedeas awarded in this case, it having improvidently issued; the suit being still depending in the inferior court.

It is contended by the plaintiff's counsel that the inferior court erred in refusing to appoint commissioners to estimate valuable and lasting improvements, etc., made by the complainants below, on the land in controversy, and to postpone the final decree until the coming-in of the report, which is the usual and uniform practice.

2dly. That it also erred in refusing an appeal on the prayer of the complainants, the decree being final.

3dly. That it also erred in appointing commissioners on the prayer of the defendant, after making a final decree and reserving nothing, or keeping no part of the cause open but the proceedings of the said commissioners.

However satisfied this court may be that the whole of these errors do exist—however sensible it is of the great injury which may be done to the plaintiff thereby—and however loud justice may call to relieve him from the hardship of his case, yet the act of assembly of the last session has tied the hands of this court. It is contended by the plaintiff's counsel that this is a final judgment within the intent and meaning of that law; that the decree was final, and that the motion made by the complainant below, was in effect to open that decree and stay the effects of it, till the equitable claim of the complainants for their ameliorations on the land should be ascertained and then operate as a charge on it till they were paid; this motion being overruled, that the decree stood final, and that the order made which retains the cause in that court is erroneous and illegal. Admitting this statement to be correct, yet as the cause is still depending in the inferior court (whether legally or illegally), the act forbids this court from entertaining jurisdiction of it. It is also contended by one of the plaintiff's counsel, that this act, so far as it respects this case, is unconstitutional, (i. e.) that what is, or is not *a final judgment,* belongs to the judiciary to determine, and not to the legislature. The constitution, in art. 4th, sec. 2, declares that "the court of appeals, except in cases otherwise directed by this constitution, shall have appellate jurisdiction only; which shall be co-extensive with the state, under such restrictions and regulations, not repugnant to this constitution, as may from time to time be prescribed by law." It is admitted that the legislature may restrict the appellate jurisdiction of this court, as to the sum of money on

which it shall operate, from what courts appeals may be brought to this—regulate the time when appeals shall be taken, and within which the records shall be lodged in this court. If so, it may also say an appeal may be taken on an interlocutory, or final decree, or they may declare what form the suit shall assume, before the jurisdiction of this court shall attach. After it is legally brought here, it can not declare what judgment this court shall then give. It is also contended, should this construction prevail, that it will produce great inconvenience, hardship, and injustice. Even should this be the consequence, it is not in the power of this court to prevent it. To pronounce what the law *is* belongs to this court, not what *it should be.* The legislature is the constitutional department to make or enact laws, and it is with it to determine whether the law is inconvenient, oppressive, or unjust.

Wherefore, it is considered that the supersedeas awarded be discharged; and that the defendant be permitted to have the benefit of the decree aforesaid, which is ordered to be certified to the said court.